United States Bankruptcy Court
Central District of California

In re:                                                                      Case No. 19-15314-ER
Cassandra Denise Palmer                                                     Chapter 7
Errol Palmer
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0973-2          User: admin          Page 1 of 1          Date Rcvd: Aug 19, 2019
                             Form ID: 318a          Total Noticed: 15


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 21, 2019.
db/jdb      +Cassandra Denise Palmer,    Errol Palmer,    3939 Roxanna Ave. #26,    Los Angeles, CA 90008-1558
39539928    +AD Astra Recovery Service,    7330 W. 33rd St #119,    Wichita, Ks. 67205-9369
39539931     AD Astra Recovery Service,    7330 W. 33rd R. #119,    Wichita, KS. 87225
39539926    +Absolute Bonding Company,    45100 Yucca Avenue,    Lancaster, Ca. 93534-2528
39539929     Allied Collection Service,    8301 Oakdale Ave.,    Chatsworth, Ca. 91311
39539930    +Awa Collections,    P.O. Box 6605,    Orange, Ca. 92863-6605
39539933    ++CAINE & WEINER COMPANY,    12005 FORD ROAD 300,    DALLAS TX 75234-7262
             (address filed with court: Caine & Weiner,    5805 Sepulveda Bl. 4th Floor,
             Sherman oaks, Ca. 91411)
39539923    +Court Trustee,    SFG Finance LLC.,    P.O. Box 1079,    Tyler, Texas 75710-1079
39539924    +Direct Credit Control,    269 S. Beverly BI. Suite 439,    Beverly Hills, Ca. 90212-3851
39539927     Top Finance Company,    P.O. Box 2800639,    Northridge, Ca. 91328


Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          EDI: EDD.COM Aug 20 2019 08:13:00      Employment Development Dept.,    Bankruptcy Group MIC 92E,
             P.O. Box 826880,    Sacramento, CA  94280-0001
smg          EDI: CALTAX.COM Aug 20 2019 08:13:00      Franchise Tax Board,    Bankruptcy Section MS: A-340,
             P.O. Box 2952,    Sacramento, CA  95812-2952
smg          E-mail/Text: finance.bankruptcy@lacity.org Aug 20 2019 04:27:59      Los Angeles City Clerk,
             P.O. Box 53200,    Los Angeles, CA  90053-0200
39539925    +E-mail/Text: bknotice@ercbpo.com Aug 20 2019 04:31:16      Enhanced Recovery Company,
             P.O. Box 57547,    Jacksonville, Fl 32241-7547
39539932    +E-mail/Text: Legal@premierautocredit.com Aug 20 2019 04:31:04      Premier Auto Credit,
             19327 Ventura BI. #7,    Tarzana, Ca. 91356-3071
                                                                                        TOTAL: 5

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 21, 2019                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 19, 2019 at the address(es) listed below:
              Peter J Mastan (TR)    peter.mastan@dinsmore.com,
              pmastan@iq7technology.com;travis.terry@dinsmore.com
              United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
                                                                                        TOTAL: 2

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Cassandra Denise Palmer** | |
| | First Name   Middle Name   Last Name | |
| Debtor 2 | **Errol Palmer** | |
| (Spouse, if filing) | First Name   Middle Name   Last Name | |

United States Bankruptcy Court   **Central District of California**

Case number:   **2:19-bk-15314-ER**

Social Security number or ITIN   **xxx-xx-3319**

EIN   _ _ - _ _ _ _ _ _ _

Social Security number or ITIN   **xxx-xx-9864**

EIN   _ _ - _ _ _ _ _ _ _

## Order of Discharge – Chapter 7

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Cassandra Denise Palmer

[include all names used by each debtor, including trade names, within the 8 years prior to the filing of the petition]

Debtor 1 Discharge Date: 8/19/19

Errol Palmer

[include all names used by each debtor, including trade names, within the 8 years prior to the filing of the petition]

Debtor 2 Discharge Date: 8/19/19

Dated: 8/19/19

**By the court:** Ernest M. Robles
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**15/AUT**

For more information, see page 2 >

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support
  obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has
  decided or will decide are not discharged
  in this bankruptcy case;

♦ debts for most fines, penalties,
  forfeitures, or criminal restitution
  obligations;

♦ some debts which the debtors did not
  properly list;

♦ debts for certain types of loans owed to
  pension, profit sharing, stock bonus, or
  retirement plans; and

♦ debts for death or personal injury caused
  by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation
agreement are not discharged.

In addition, this discharge does not stop
creditors from collecting from anyone else who is
also liable on the debt, such as an insurance
company or a person who cosigned or
guaranteed a loan.

> **This information is only a general summary
> of the bankruptcy discharge; some
> exceptions exist. Because the law is
> complicated, you should consult an
> attorney to determine the exact effect of the
> discharge in this case.**